UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WALID ABDULLAH MUHAMMAD,

                Petitioner,

    - against -

SUPERINTENDENT MASON and
MICHELLE HENRY,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

25-CV-172 (LDH)

LASHANN DEARCY HALL, United States District Judge.

      Petitioner Walid Abdullah Muhammad, currently incarcerated at the Mahanoy State Correctional Institution in Frackville, Pennsylvania, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) Petitioner challenges a 2011 conviction entered in Delaware County, Pennsylvania. Petitioner has not paid the filing fee or requested leave to proceed *in forma pauperis*. Nevertheless, for the reasons discussed below, the action is transferred to the United States District Court for the Eastern District of Pennsylvania.

## DISCUSSION

      Title 28 of the United States Code, Section 2254(a) provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal district courts may grant petitions for writs of habeas corpus "within their respective jurisdictions." *Id*. § 2241(a). The Supreme Court has interpreted this phrase to require "nothing more than that the court issuing the writ have jurisdiction over the

custodian" of the petitioner. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95 (1973). "Absent other considerations, the custodian should be considered to be the person who has day to day control over the petitioner and who can actually 'produce the body.'" *Wang v. Reno*, 862 F. Supp. 801, 812 (E.D.N.Y. 1994) (citing *Ex Parte Endo,* 323 U.S. 283, 306 (1944)). This Court does not have jurisdiction over Petitioner's custodian.

A district court is permitted to transfer a case filed in the wrong district to any district in which it could have been brought. 28 U.S.C. § 1406(a). Title 28 of the United States Code, Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). In this case, Petitioner was convicted and sentenced in Delaware County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). He is currently in custody in Schuylkill County, which is located within the jurisdiction of the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of Pennsylvania. *See Muhammad v. Armfield*, No. 24-CV-02553, 2024 WL 4876972, at *2 (E.D. Pa. Aug. 12, 2024), *report and recommendation adopted,* No. 24-CV-

2

2553, 2024 WL 4876930 (E.D. Pa. Nov. 22, 2024) (dismissing petition because it failed to provide any alleged facts that could support a claim).[1]

The Court directs the Clerk of this Court to transfer this case to the United States District Court for the Eastern District of Pennsylvania. Consideration of whether petitioner may proceed without the payment of fees is reserved for the transferee court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. Upon the transfer of the case, the Clerk of Court is to mark this case closed.

SO ORDERED.

/s/ /LDH_____
LaSHANN DeARCY HALL
United States District Judge

Dated:     Brooklyn, New York
           April 24, 2025

---

[1] Petitioner also filed a petition similar to the instant petition in the United States District Court for the District of Delaware, *Muhammad v. Mason*, No. 24-CV-742, 2024 WL 4361970, at *1 (D. Del. Oct. 1, 2024) (dismissing petition for failure to specify grounds for relief and failure to state the facts supporting each ground).